[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10244
Non-Argument Calendar
_____

D. C. Docket No. 01-01306-CV-T-27-TGW

ROBERT LEE MCDONALD, SR., et al.,

Plaintiffs,

HUGH N. SMITH,

Interested Party-Appellant,

versus

COOPER TIRE & RUBBER COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 28, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Hugh N. Smith, the attorney for the plaintiffs in this product liability suit, appeals the district court's order granting defendant's motion for sanctions against him personally and imposing sanctions of $13,691.50 in attorney's fees payable to the defendant. After review, we affirm.

## I. BACKGROUND

After a trial, the jury returned a verdict in favor of the defendant, Cooper Tire & Rubber Company ("Cooper"), and a final judgment in defendant Cooper's favor was entered in February 2004. This appeal, however, involves only the district court's sanctions order, which was entered based on appellant Smith's violation of a protective order as to certain confidential discovery materials. We first review the events leading up to the sanctions order.

In May 2002, during the course of discovery, the district court issued a Protective Order of Confidentiality ("Protective Order") for the purpose of protecting from public disclosure defendant Cooper's confidential materials. The Protective Order limited access to confidential material to authorized persons and prohibited the use of confidential material in any other litigation. The Protective Order also permitted defendant Cooper to designate parts of depositions as

confidential.

In January 2003, Smith took the deposition of Rita Feczer, Cooper's Principal Analytic Chemist. In accordance with the Protective Order, defendant Cooper designated a majority of Feczer's deposition testimony as confidential. In March 2003, in another case against defendant Cooper in Texas, Cooper was ordered by the court to produce Feczer's deposition transcript taken in this case. Cooper complied, providing three copies to opposing counsel pursuant to a protective order.

Prior to trial in this case, defendant Cooper filed its first motion for sanctions after Smith disclosed Feczer's deposition transcript to attorneys representing other plaintiffs suing Cooper in Arizona ("first motion"). After trial in this case, defendant Cooper filed a second motion for sanctions alleging that Smith was acting as plaintiff's counsel in a discovery hearing in another case against Cooper and that Smith had improperly presented confidential portions of Feczer's deposition testimony during that hearing ("second motion").

In granting the first motion for sanctions, the district court concluded that Smith wilfully violated the Protective Order. The district court sanctioned Smith and awarded $13,691.50 in fees for Cooper's attorneys who had directly enforced the Protective Order. The district court denied Cooper's second motion for

3

sanctions, however, because the entire Feczer deposition was available in the public court file by the time Smith offered it at the discovery hearing.  This appeal thus involves only the first motion for sanctions.

## II.  DISCUSSION

We review the district court's imposition of sanctions for abuse of discretion.  Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002).  Courts have the inherent power to impose sanctions for failure to comply with a court order.  Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985).  "To exercise its inherent power a court must find that the party acted in bad faith."  Martin, 307 F.3d at 1335.  "One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001) (quotation marks omitted).

If a party objects to opposing counsel's manner of conducting discovery, including depositions, the proper remedy is to seek a protective order.  Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1325 (11th Cir. 2002).  Federal Rule of Civil Procedure 26(c) specifically provides that a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment,

4

oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).

Upon review of the record and consideration of Smith's brief, we discern no reversible error. At the hearing on defendant Cooper's sanctions motions, Smith admitted to providing the Feczer deposition to unauthorized persons under the Protective Order. Smith's contention that defendant Cooper waived confidentiality by voluntarily providing Feczer's deposition to plaintiffs' attorneys in another case is contradicted by the facts in the record. Defendant Cooper provided portions of the Feczer deposition only after ordered to do so by the court and only pursuant to a protective order devoid of any sharing provisions.[1] In addition, at the time Cooper provided portions of the Feczer deposition, the trial in this case had not commenced and the Feczer deposition was not in the public record.

Appellant Smith's argument that the district court's findings as to the first

---

[1]In his appeal brief, Smith asserts that Cooper provided the Feczer deposition transcript voluntarily to outside attorneys and then "orchestrated an order in the Texas case compelling its production after the fact." However, Smith provides no cites to record evidence that supports these propositions, and our own search of the record has found none. The only record cite provided by Smith is to the declaration of Larry Lawrence, an attorney in the Texas litigation, who averred that he was provided copies of the depositions of two other Cooper employees (Jean Hoffman and Lyle Campbell) by agreement with Cooper's Texas counsel. But, Lawrence says nothing about being provided the Feczer deposition. In contrast, the declaration of Troy Vancil, counsel for Cooper in the Texas litigation, averred that the Feczer deposition was provided only after the court granted plaintiffs' motion to compel and ordered the deposition produced.

5

and second motions are inconsistent is also without merit.  The district court

adopted the magistrate judge's findings, supported by the record, that Smith's

actions at issue in the first motion occurred <u>prior</u> to the trial in this case, when the

Feczer deposition was confidential and not part of the public record; whereas,

Smith's actions at issue in the second motion occurred <u>after</u> the trial in this case,

when the deposition had been placed in the public record.[2]

For the above stated reasons, we cannot say the district court abused its

discretion in granting Cooper's motion for sanctions.

**AFFIRMED.**

---

[2]Before trial, the district court <u>sua</u> <u>sponte</u> vacated several paragraphs of the Protective Order, one of which had required confidential material to be filed with the court under seal.  Therefore, at trial, the Feczer deposition was placed in the court's public record. The confidential portions of the Feczer deposition were later redacted from the deposition, pursuant to court order.